UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

Request for International Judicial Assistance
from the Superior Court of Salzburg,
Republic of Austria; Matter of Elsa Weiss v.
Franz Schachl

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
## FOR ORDER PURSUANT TO 28 U.S.C. § 1782

The United States of America, through counsel, applies to this Court for an Order appointing a Commissioner to secure evidence from Alexander Schachl, domiciled at 223 NE 108th Street, Miami, Florida, 33161,[1] for use in a proceeding before the Superior Court of Salzburg of the Republic of Austria. The application is being made in response to a request for international judicial assistance, a copy of which is attached to the application.

In enacting 28 U.S.C. § 1782 Congress intended "to improve United States judicial procedures for . . . obtaining evidence in the United States in connection with proceedings before foreign and international tribunals . . . ." 1964 U.S. Code Cong. & Admin. News 3782. Section 1782 of Title 28 of the United States Code authorizes a United States District Court, in its discretion, to order a person who resides or is found in the district to give testimony or produce documents for use in a proceeding in a foreign or international tribunal if the statutory requirements are met. *See* 28 U.S.C. § 1782(a); *Intel Corp v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *In Re Patricio Clerici*, 481 F.3d 1324, 1332 (11th Cir. 2007), *cert. denied*, 128 S.Ct. 1063 (2008).

---

[1] Although Mr. Schachl resided in North Carolina when the Superior Court of Salzburg issued its Request, Mr. Schachl has since relocated to Florida. *See* Exhibit 2.

The following statutory requirement must be met to invoke § 1782:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement "of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal", (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

28 U.S.C. § 1782(a); *In Re Patricio Clerici*, 481 F.3d at 1331-1333.

The request for international judicial assistance from the Superior Court of Salzburg meets each of the requirements set forth at §1782(a). The request is being made by a foreign tribunal to obtain evidence for use in a foreign proceeding and Mr. Schachl can be found within the Southern District of Florida. Therefore, the Court is authorized under 28 U.S.C. § 1782 to grant the request for assistance.

In exercising its discretion as to whether it should grant a request that meets the criteria set forth under § 1782, the Court should consider the following factors:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is otherwise unduly intrusive or burdensome.

*In Re Patricio Clerici*, 481 F.3d at 1334, citing *Intel Corp.*, 542 U.S. at 264-65 (internal quotes omitted).

Dr. Helmut Zoettl, who presides over the Superior Court of Salzburg, makes this request for international judicial assistance and is seeking the evidence for use in the court proceeding

entitled Elsa Weiss v. Franz Schachl. The evidence sought concerns Alexander Schachl's position on a claim for recovery of money loaned by the Defendant to Mr. Schachl. The limited testimony requested is not unduly intrusive or burdensome. Also, there is no indication that the request is being made in an effort to circumvent any foreign proof-gathering restrictions or policies. Therefore, the additional factors to be considered in determining whether the request for international judicial assistance should be granted weigh in favor of granting the request.

Receipt of requests for international judicial assistance and actions taken with respect to them are customarily handled *ex parte*. Persons who have objections to providing the requested information may raise such objections by moving to quash any subpoenas issued by the Commissioner.

WHEREFORE, it is respectfully requested that this Court honor the request for international judicial assistance and issue an Order appointing an attorney from the Office of International Judicial Assistance of the United States Department of Justice, Civil Division, as Commissioner to execute the request.

Dated: June 16, 2015  
       Washington, D.C.

Respectfully submitted,

Of Counsel:  
WIFREDO A. FERRER  
United States Attorney

WENDY JACOBUS  
Civil Chief

BENJAMIN MIZER  
Principal Deputy Assistant Attorney General  
Civil Division

JEANNE E. DAVIDSON  
Director  
Office of International Judicial Assistance

By:   /s/ Kiesha Minyard  
KIESHA MINYARD  
Trial Attorney  
1100 L Street, NW  
Room 11000  
Washington, DC 20530  
Special Bar ID: A5502101  
Email: kiesha.m.minyard@usdoj.gov